**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**DURRELL DAVENPORT,**                          :

            **Petitioner**        :     **CASE NO. 3:17-CR-359**

    **v.**                              :      **(JUDGE MANNION)**

**UNITED STATES OF AMERICA,**        :

          **Respondent**        :

## **MEMORANDUM**

Pending before the court is petitioner Durrell Davenport's ("Davenport") Motion to Vacate, Set Aside, or Correct his aggregate 120-month sentence of imprisonment imposed on August 8, 2018. (Doc. 89). Davenport is currently serving his prison sentence at FCI Williamsburg, Salters, South Carolina. Davenport's motion is filed pursuant to 28 U.S.C. §2255 and is based upon the Supreme Court's decision in United States v. Davis, ⸺ U.S. ⸺, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019) (holding that the residual clause of 18 U.S.C. §924(c)(3)(B) is unconstitutionally vague and violated the Due Process Clause). Davenport claims that his conviction and sentence on Count 3 for a violation of 18 U.S.C. §924(c) must be vacated because his predicate offense of Hobbs Act robbery can no longer be considered a crime of violence. As relief, Davenport requests the court to vacate his conviction

1

and sentence for a violation of §924(c) arguing that it violates his due process rights based on <u>Davis</u>. For the following reasons, the motion will be **DENIED**.

## I.   BACKGROUND[1]

On November 25, 2014, an Indictment was filed against Davenport and his co-defendant Amod Phillips based on their alleged involvement in a robbery of the EFuel gas station in Scranton, Pennsylvania on June 8, 2017. (Doc. 1). The Indictment charged Davenport and Phillips with the following offenses: Count 1, Conspiracy to Commit Interference with Commerce by Robbery, in violation of 18 U.S.C. §1951; Count 2, Interference with Commerce by Robbery, in violation of 18 U.S.C. §1951 ("Hobbs Act" robbery); and Count 3, Use of a Firearm During and in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §924(c). Counts 2 and 3 also included Aiding and Abetting, in violation of 18 U.S.C. §2, and <u>Pinkerton</u> liability.

---

[1]Since the complete background of this case is stated in the motion and the briefs of the parties, it shall not be fully repeated herein. The factual background of this case is also detailed in the PSR. (Doc. 78, ¶'s 6-9).

The court notes that Davenport's co-defendant, Phillips also filed a similar §2255 motion to vacate his conviction for violating §924(c) based on <u>Davis</u>. On January 14, 2020, the court issued a Memorandum and Order denying Phillips' §2255 motion. *See* 2021 WL 134389 (M.D. Pa. Jan. 14, 2021).

Davenport was also charged with two additional Counts in the Indictment based on his alleged involvement in a separate robbery of the Sunoco gas station on South Main Avenue in Scranton, Pennsylvania on June 20, 2017.

Specifically, the two additional Counts filed against Davenport were: Count 4, Interference with Commerce by Robbery, in violation of 18 U.S.C. §1951 ("Hobbs Act" robbery); and Count 5, Use of a Firearm During and in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §924(c). Counts 4 and 5 also included Aiding and Abetting, in violation of 18 U.S.C. §2, and Pinkerton liability.

On March 29, 2018, Davenport executed a written plea agreement. (Doc. 54). On April 9, 2018, Davenport pled guilty to Counts 3 and 4 of the Indictment. Specifically, Count 3 charged that on June 8, 2017, Davenport and Phillips, aiding and abetting each other, did knowingly use, carry, brandish and possess firearms, namely, handguns, during and in relation to, and in furtherance of, a crime of violence, that is, the interference with commerce by robbery, committed at the EFuel Gas Station and Food Mart, a violation of violation of 18 U.S.C. §1951. Count 4 essentially charged that on June 20, 2017, Davenport, aiding and abetting another person, did knowingly and unlawfully obstruct commerce by taking personal property consisting of approximately $368 and several packs of cigarettes from the

Sunoco gas station, by means of actual and threatened force, violence, and fear of injury, to obtain the money and cigarettes from the employees of the gas station, a violation of 18 U.S.C. §1951. (Doc. 1).**²**

After Davenport's guilty plea, the court directed that a presentence investigation report ("PSR") be prepared. The PSR was filed on July 26, 2018. (Doc. 78). With respect to Count 3, the PSR indicated that Phillips and Davenport entered the Food Mart brandishing handguns, namely, Phillips brandished a silver revolver and Davenport brandished a black handgun. Both men pointed their handguns at the store clerk and demanded money. The men then removed money from the cash register and searched through the pockets of the store clerk. They stole approximately $266, and then fled from the store. (PSR ¶'s 6-7).

Regarding Count 4, the PSR stated, "[o]n June 20, 2017, at approximately 3:30 a.m., a [] robbery occurred at the Sunoco gas station and convenience store, located at 234 South Main Avenue in Scranton. The store was robbed by two individuals, one of whom was later identified as

---

²As the government notes, (Doc. 108, at 9 n. 2), as part of the plea agreement with Davenport, the government dismissed, in part, Count 5 of the Indictment, "a successive count involving Section 924(c), which would have subjected [Davenport] to a mandatory minimum sentence of twenty-five years, consecutive to any other sentence."

The court also notes that Davenport had a joint plea agreement containing an express condition that his co-defendant Phillips also plead guilty to Count 3, a violation of Section 924(c). (*See* Doc. 112 at 11).

[Davenport]…, [and] [a]pproximately $300 and several packs of Newport cigarettes were taken during the robbery." The PSR also stated that video surveillance from the Sunoco gas station depicted Davenport "brandishing a silver revolver, which appeared to be the same revolver used in the EFuel gas station robbery", and that his unindicted co-conspirator was "observed brandishing what appears to be a black, semi-automatic handgun, which was similar to the [handgun] used in the EFuel robbery." (PSR ¶'s 8-9).

On August 8, 2018, Davenport was sentenced to an aggregate term of imprisonment of 120 months, consisting of 36 months' imprisonment on Count 4 and 84 months' imprisonment on Count 3, to run consecutive, followed by a 3-year term of supervised release on each Count, to run concurrently. (Doc. 88). Phillips was sentenced to a term of imprisonment for 84 months, followed by a 3-year term of supervised release. (Doc. 83).

Davenport did not file a notice of appeal with the Third Circuit regarding his judgment of sentence.

On June 23, 2020, Davenport filed a motion, pursuant to 28 U.S.C. §2255, to vacate his conviction under §924(c) based on the Davis case. (Doc. 102), and on June 24, 2020, pursuant to this court's Standing Order 19-08, Davenport was appointed counsel from the Federal Public Defender Office, pursuant to the Criminal Justice Act, 18 U.S.C. §3006A, to represent

him and to assist him with his motion to vacate predicated on the <u>Davis</u> case. (Doc. 104).

In his motion, Davenport seeks the court to set aside his conviction and sentence on Count 3 of the Indictment, for a violation of Section 924(c), alleging that his predicate offense is no longer a crime of violence, and to re-sentence him on Count 4.

The court directed the government to respond and, on August 13, 2020, the government timely filed its brief in opposition to Davenport's motion. (Docs. 106 & 108). On August 27, 2020, Davenport filed his reply brief. (Doc. 110).

Having been fully briefed, Davenport's motion is now ripe for review.

## II.    STANDARD

When a district court judge imposes a sentence on a defendant who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255, ¶1; *see* United States v. Eakman, 378 F.3d 294, 297-98 (3d Cir. 2004).

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255(b).

A §2255 motion "is addressed to the sound discretion of the district court." United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980). "[A] motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." Paulino v. U.S., 2010 WL 2545547, *2 (W.D. Pa. June 21, 2010) (citations omitted). "In order to prevail on a §2255 motion to vacate, set aside, or correct a sentence, a Petitioner must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" U.S. v. Bates, 2008 WL 80048, *2 (M.D. Pa. Jan. 7, 2008) (quoting Mallet v. U.S., 334 F.3d 491, 496-97 (6th Cir. 2003)). "The petitioner bears the burden of proof under §2255 and must demonstrate his right to relief by a preponderance of the evidence." U.S. v. Ayers, 938 F.Supp.2d 108, 112 (D. D.C. 2013) (citation omitted).

Additionally, "Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing", "[r]ather, Section 2255 is

implicated only when the alleged error raises 'a fundamental defect which inherently results in a complete miscarriage of justice.'" <u>Williams v. United States</u>, 2016 WL 6892375, *2 (M.D. Pa. Nov. 22, 2016) (internal citations omitted).

"If the court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, the court may vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate." <u>United States v. Milan</u>, 2020 WL 6682535, *2 (M.D. Pa. Nov. 12, 2020) (citing 28 U.S.C. §2255(b)).

## III.   DISCUSSION

This court has jurisdiction over Davenport's motion under §2255 pursuant to pursuant to 28 U.S.C. §§1331 and 2241.

In his §2255 motion, Davenport seeks to vacate his conviction under §924(c) as unconstitutional, claiming that the underlying predicate crime of Hobbs Act robbery no longer qualifies as a "crime of violence" under the rule announced by the Supreme Court in <u>Davis</u>. Since his motion was filed within one year of the date on which the <u>Davis</u> decision was issued, (June 24, 2019), it is timely. *See* <u>Milan</u>, 2020 WL 6682535, *2 ("A federal prisoner may … file a §2255 motion within one year from '[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was

8

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'") (citing 28 U.S.C. §2255(f)(3)). The court also finds no merit to the government's penultimate argument that Davenport's claim based on Davis is procedurally defaulted and that he could have raised this issue in 2017 when the case was initially charged. Davenport's instant constitutional vagueness challenge to §924(c)(3)(B) was not available to him prior to Davis. *See* In re Matthews, 934 F.3d 296 (3d Cir. 2019) (Third Circuit authorized petitioners' second or successive §2255 motions after the Davis case finding that they were timely and that the issue of whether "petitioners' crimes fall under the elements clause or the challenged residual clause is itself a merits inquiry."). *See also* United States v. Cunningham, 2020 WL 6504636 (M.D. Pa. Nov. 5, 2020) (after the Davis decision, the Third Circuit authorized defendant's second or successive Section 2255 motion to vacate his conviction and consecutive mandatory minimum sentence under 18 U.S.C. §924(c) claiming that his conviction as to this offense cannot rest on the residual clause of Section 924(c)(3)(B) since it is unconstitutionally vague).

The court will now consider the merits of Davenport's instant claim based on Davis.

As the court in Milan, 2020 WL 6682535, *2, explained:

Under Section 924(c)(1)(A), enhanced punishments apply for any individual who uses, carries, brandishes, or discharges a firearm

"during and in relation to any crime of violence." The length of the mandatory minimum sentence depends on whether the defendant uses, carries, or possesses the firearm (5 years); brandishes the firearm (7 years); or discharges the firearm (10 years). 18 U.S.C. §924(c)(1)(A)(i)-(iii). The law further defines a "crime of violence" as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or; (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. §924(c)(3). "These clauses are known as the 'elements clause' and the 'residual clause,' respectively." United States v. Robinson, 844 F.3d 137, 141 (3d Cir. 2016).

In Davis, 139 S.Ct. at 2336, the Supreme Court held that the "residual clause" of §924(c)(3)(B) was unconstitutionally vague. Thus, a predicate crime of violence may now qualify only under §924(c)(3)(A), i.e., the "elements clause." The government points to the language of the Indictment which alleged a robbery in violation of 18 U.S.C. §1951(b)(1) served as the predicate for Davenport's §924(c) conviction. According to the government, the crime of violence to which Davenport pled guilty in Count 3 was based on his actual robbery at the EFuel gas station and Food Mart. As the government explains, (Doc. 108 at 17-18), "the plain language of [Count 3 of] the indictment clearly indicates that the predicate offense for the 924(c) charge was interference with commerce by robbery (i.e. Hobbs Act robbery), in violation of 18. U.S.C. §1951, resulting from the EFuel robbery incident", and that based on "the strict limitations on expanding the legal basis in a returned indictment, the only possible conclusion is that the charged

predicate offense was that which was plainly stated in the indictment – an *actual* completed Hobbs Act robbery at the EFuel gas station – not conspiracy, not attempt, not aiding and abetting, and not a Hobbs Act robbery based upon Pinkerton liability." (Id.).

Thus, the government contends that Davenport's conviction on Count 3 is predicated on a crime of violence under the elements clause of §924(c)(3)(A) and is not based on the residual clause.

Davenport maintains that the plain language of the Indictment for the substantive robbery offense in Count 2 and the §924(c) offense in Count 3 include aiding and abetting, as well as Pinkerton liability.

Further, the government states that Davenport's offense of Hobbs Act robbery, under the categorical approach, constitutes a crime of violence under §924(c)(3)(A), since such robbery is defined by its common law definition which does not include threats to intangible personal property.

Davenport counters by arguing that while Hobbs Act robbery encompasses the common law definition of robbery, the statutory definition is broader and that property includes "intangible things of value." (citing Third Cir. Model Crim. Jury Instr. 6.18.1951-5). Davenport contends that under the categorical approach his §924(c) conviction should be construed as being based on the least culpable act alleged in Count 3, i.e., aiding and abetting Hobbs Act robbery or Pinkerton liability. Davenport also contends that since

aiding and abetting Hobbs Act robbery and <u>Pinkerton</u> liability regarding such robbery do not categorically qualify as crimes of violence under the elements clause of §924(c), his conviction on Count 3 should be vacated based on the <u>Davis</u> case and the court should re-sentence him on Count 4.

As the court in <u>Milan</u>, 2020 WL 6682535, *2 n. 1, noted:[3]

[F]ollowing <u>Davis</u>, courts use the categorical approach to determine whether an offense constitutes a crime of violence under the elements clause of Section 924(c). Under the categorical approach, courts "compare the elements of the statute under which the defendant was convicted to the [§924(c)] definition of 'crime of violence.'" <u>United States v. Johnson</u>, 899 F.3d 191, 203 (3d Cir. 2018) (citing <u>United States v. Wilson</u>, 880 F.3d 80, 83 (3d Cir. 2018)). In making this determination, courts must "look only to the statutory definitions—i.e., the elements—of a defendant's ... offense, and not to the particular facts underlying the conviction." <u>United States v. Lewis</u>, 720 F.App'x 111, 114 (3d Cir. 2018), *cert. denied*, 138 S. Ct. 2013 (2018) (quoting <u>United States v. Chapman</u>, 866 F.3d 129, 134 (3d Cir. 2017)). "A crime is only a 'crime of violence' if 'the least culpable conduct hypothetically necessary to sustain a conviction under the statute' meets the definition." *Id.* (citing <u>Wilson</u>, 880 F.3d at 84).

The definition of Hobbs Act robbery, 18 U.S.C. §1951(b)(1), is:

The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

---

[3]<u>Milan</u> was decided after the parties filed their briefs in this case.

Based on the facts of this case, Davenport's conviction for Hobbs Act robbery falls squarely under §924(c)(3)(A), since he used, attempted to use, and threatened to use physical force against the Food Mart clerk when he pointed his handgun at the clerk during the robbery and took the money from the store. As such, Davenport's §924(c) conviction was based on the completed EFuel gas station and Food Mart robbery, the charge he pled guilty to in Count 3. Indeed, Davenport admitted that he committed the Food Mart store robbery and his admitted facts which form the basis of his §924(c) conviction establish the predicate offense of Hobbs Act robbery.

During his guilty plea colloquy, Davenport clearly admitted to all of the elements of a completed Hobbs Act robbery. (*See* Doc. 112, N.T. April 9, 2018, 15-17). During the guilty plea colloquy, (Id.), the government summarized the evidence regarding the EFuel gas station robbery, and stated, in relevant part, as follows:

> On June 8, 2017, an armed robbery occurred at the EFuel Gas Station in the 800 block of Pittston Avenue in … Scranton  . . . Two males entered the store and brandished handguns. They threatened the store clerk, and a total of $266 was taken in that robbery. . . . Mr. Davenport also brandished what appeared to be a black semi-automatic handgun. The second robber … Phillips brandished a handgun which appeared to be a silver revolver.

After hearing the underlying facts regarding Count 3 during Davenport's plea colloquy, the court and the defendant, (Id. at 17-18), had the following exchange:

13

The Court: Mr. Davenport do you agree with the government's rendition of the facts?

Defendant Davenport: Yes.

The Court: Let me ask you more particularly with respect to Count 3. … on June 8th of 2017, did you, with another person go into the EFuel Gas Station on Pittston Avenue in Scranton and brandish a firearm at that point for purposes of robbing the person that was in [the gas station]?

Defendant Davenport: Yes.

The Court: And when you did that, did you unlawfully take from that person or from the [gas station] a certain amount of money?

Defendant Davenport: Yes.

The Court: Now, when you did that, did you know that you were not lawfully allowed to brandish a weapon and force someone to give you money?

Defendant Davenport: Yes.

The Court: And did anyone force you or coerce you to do that? Or did you do that of your own free will?

Defendant Davenport: From my own free will.

The PSR then noted that "[Davenport] agree[d] with the offense conduct stated by the government at the guilty plea colloquy." (PSR ¶14).

As the court held in Milan, 2020 WL 6682535, *4, "[g]iven the plain language of the indictment and the admissions gleaned from the record, the Court thus finds that the completed [Hobbs Act] robbery properly underlies

14

Defendant's Section 924(c) conviction." Further, "during his guilty plea colloquy, [Davenport] admitted to all of the elements of a completed Hobbs Act robbery", and as the record clearly shows, "[he] pleaded guilty to being a *principal*, as opposed to being an aider and abettor or an admission based on Pinkerton liability." (Doc. 108 at 26-27).

In their briefs, the parties stated that following Davis, the Third Circuit did not yet decide whether Hobbs Act robbery in violation of 18 U.S.C. §1951(b) qualifies as a crime of violence under the elements clause, §924(c)(3)(A). (citing United States v. David Copes, C.A. No. 19-1494). However, after the briefs were filed, the Third Circuit issued a non-precedential opinion addressing whether Hobbs Act robbery qualifies as a crime of violence for purposes of §924(c) in United States v. Monroe, ---Fed.Appx.---, 2021 WL 50161 (3d Cir. Jan. 6, 2021).

First, in Monroe, *id.* at *1, the Third Circuit held that "[a]fter Davis, all cases analyzed under the elements clause must apply the categorical approach." The Court then considered the defendants' (Copes and Monroe) argument that "Hobbs Act robbery is … no longer a crime of violence under 18 U.S.C. §924(c) because §924(c)(3)(B) is unconstitutionally vague", and that "their convictions under §924(c)(3) must be vacated because Hobbs Act robbery does not satisfy the elements clause." In particular, the defendants "argue that Hobbs Act robbery does not qualify as a crime of violence

because Hobbs Act robbery can be committed without the 'use, attempted use, or threatened use of physical force.'" *Id.*

The Third Circuit held that "Hobbs Act robbery is still a crime of violence under the 'elements prong' of §924(c) because Hobbs Act robbery satisfies §924(c)(3)(A) using the categorical approach." *Id.* The Court explained:

> Hobbs Act robbery is defined, in relevant part, as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." Section 924(c)(3)(A) defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

*Id.* (citation omitted).

Additionally, several other circuits, namely, 10 circuits, have found that Hobbs Act robbery is categorically a crime of violence. (Doc. 108 at 20) (citing United States v. Garcia-Ortiz, 904 F.3d 102 (1st Cir. 2018); United States v. Hill, 890 F.3d 51 (2d Cir. 2018); United States v. Mathis, 932 F.3d 242, 265-66 (4th Cir. 2019); United States v. Buck, 847 F.3d 267, 274-75 (5th Cir. 2017); United States v. Gooch, 850 F.3d 285, 292 (6th Cir. 2017); United States v. Fox, 878 F.3d 574, 579 (7th Cir. 2017); United States v. Jones, 919 F.3d 1064, 1072 (8th Cir. 2019); United States v. Dominguez, 954 F.3d 1251, 1258-62 (9th Cir. 2020) (holding that [under the categorical approach] both Hobbs Act robbery and attempted Hobbs Act robbery are crimes of violence under §924(c) and, noting that "[a]ll of our sister circuits have considered this

question too, and have held that Hobbs Act robbery is a crime of violence under the elements clause.") (string citations omitted); United States v. Melgar-Cabrera, 892 F.3d 1053, (10th Cir. 2018); In re St. Fleur, 824 F.3d 1337, 1341 (11th Cir. 2016); United States v. St. Hubert, 909 F.3d 335, 351-53 (11th Cir. 2018)).

Davenport, like his codefendant Phillips, argues that Hobbs Act robbery does not qualify as a crime of violence under the elements clause since it can also be completed by taking property from another by threatening to do damage to intangible property. Both defendants argue that Hobbs Act robbery is not categorically a crime of violence under the §924(c) elements clause since it is possible to commit it without the use of force when the defendant threatens to do damage to intangible property or seeks property that is not possessed by the victim. However, in Monroe, 2021 WL 50161, *1-2, the Third Circuit addressed a similar argument and held:

> Copes and Monroe argue that the least culpable conduct necessary to commit Hobbs Act robbery does not meet the 924(c)(3)(A) definition. They present various non-violent hypotheticals as alternative means of committing Hobbs Act robbery through fear of injury to intangible property: making a restauranteur hand over money by threatening to scream rat in front of customers, making a shareholder hand over a wallet by threatening to start a boycott of the company on social media, or threatening pecuniary injury. These hypotheticals misconstrue the Hobbs Act robbery definition, and they misconstrue the definition of "physical force" under Section 924(c)(3)(A).

> Initially, we note that the defendants' hypotheticals do not present "more than the application of legal imagination." They do not point to

17

any cases where courts have applied Hobbs Act robbery in the manner hypothesized. Moreover, their failure to do so is not surprising. Their hypotheticals do not constitute the type of "injury" contemplated by the "fear of injury" included in Hobbs Act robbery. We have previously accepted dictionary definitions of "injure" to mean "to inflict bodily hurt on" or "[t]o do harm to, damage, or impair. To hurt or wound, as the person." We have concluded that these definitions "necessarily threaten[ ] the use of physical force." Thus, "'fear of injury' cannot occur without at least a threat of physical force" sufficient to satisfy the elements clause for the "crime of violence" definition. In addition, there is evidence that "Congress intended the 'physical force' element to be satisfied by ... fear of injury."

(internal citations and footnotes omitted).

The court finds that the recent Monroe case as well as the above cited cases by the government from the ten other circuits to be persuasive and concurs with their findings that Hobbs Act robbery is categorically a crime of violence under the elements clause. As the government indicates, "[t]he authority offered by the defense in support of []his proposition appear to be cases where the defendants were prosecuted for Hobbs Act *extortion*, rather than Hobbs Act *robbery*." (Doc. 108 at 22-23) (citing Scheidler v. National Organization of Women, Inc., 537 U.S. 393, 404-05 (2003); United States v. Local 560 of the Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, 780 F.2d 267, 281 (3d Cir. 1986)). In any event, the court does not find Davenport's argument to be convincing. *See* United States v. Walker, 473 F.3d 71, 78 (3d Cir. 2007) ("Congress's 'overriding purpose' in passing Section 924(c) 'was to combat the increasing

use of guns to commit federal felonies.' The chief sponsor of this provision explained that 'the provision seeks to persuade the man who is tempted to commit a Federal felony to leave his gun at home.'") (internal citations omitted). *See also* <u>Monroe</u>, 2021 WL 50161, *2 (the Third Circuit stated that "[defendants] use the wrong definition of physical force under §924(c)(3)(A)", and that "[t]he Supreme Court has concluded that 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person.'") (citations omitted).

Moreover, the Hobbs Act definition of "robbery" meets the common law definition of robbery. As comparison, the government, (Doc. 108 at 24-25), explains as follows:

> In a recent case interpreting the elements clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e)(2)(B)(i), the Supreme Court held that Florida's robbery statute met the common law definition of robbery. <u>Stokeling v. United States</u>, 139 S.Ct. 544 (2019). The Court found that common law robbery requires only so much force as may be necessary to overcome the resistance of the victim, no matter how slight that resistance might be. *Id.* at 550. Significantly, the Court went on to find that common law robbery falls within the elements clause of the ACCA predicate offense. *Id.* The Hobbs Act elements clause, 18 U.S.C. §924(c)(3)(A), tracks the ACCA's elements clause, 18 U.S.C. §924(e)(2)(B)(i). Since the Supreme Court found that common law robbery meets the elements clause for the ACCA, a more-than-fair inference can be drawn that Hobbs Act robbery also falls within the elements clause of Section 924(c)(3)(A).

As such, the court finds that Davenport was convicted of Hobbs Act robbery and that this offense is a crime of violence under elements clause,

18 U.S.C. §924(c)(3)(A). *See* <u>Monroe</u>, 2021 WL 50161, \*2 ("When applying the appropriate 'fear of injury' definition outlined above to the correct definition of physical force, Hobbs Act robbery is clearly a crime of violence."). Thus, post-<u>Davis</u>, Davenport's conviction and sentence on Count 3 remain valid.

In the alternative, Davenport argues that attempted Hobbs Act robbery or robbery based upon <u>Pinkerton</u> liability as charged in Count 3 do not qualify as a crime of violence. However, as explained above, and based on <u>Monroe</u>, 2021 WL 50161, \*1-2,  Davenport's §924(c) conviction did not rest on aiding and abetting or attempted Hobbs Act robbery, nor did it rest on <u>Pinkerton</u> liability. *See* <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946). In <u>Pinkerton</u>, the Supreme Court held that a defendant "may be held responsible for the substantive crimes committed by a co-conspirator in furtherance of the conspiracy, even if [he] neither participates in the crimes nor has any knowledge of them." <u>Milan</u>, 2020 WL 6682535, \*4 n. 2 (quoting <u>United States v. Gonzales</u>, 918 F.2d 1129, 1135 (3d Cir. 1990)). Rather, Davenport's conviction was based on his actual completed Hobbs Act robbery of the EFuel gas station and Food Mart which was admittedly accomplished by his

threat of physical force. Thus, the court need not consider these alternate contentions of Davenport.[4]

Thus, the court finds no merit to Davenport's claim in his §2255 motion and will deny his request to vacate his conviction and sentence on Count 3 of the Indictment, and to re-sentence him only on Count 4. The court also finds that Davenport is not entitled to an evidentiary hearing because the record conclusively establishes that he is not entitled to the relief sought in his §2255 motion. *See* Monroe, 2021 WL 50161, *1-2. Therefore, the court, in its discretion, finds no reason to hold an evidentiary hearing.

---

[4]Even if the court considered Davenport's alternate arguments, it finds no merit to them. *See* United States v. McKelvey, 773 Fed.Appx. 74, 75 (3d Cir. 2019) (non-precedential) ("It does not matter whether [Defendant] was convicted as a principal or as an aider or abettor to Hobbs Act robbery because, under the aiding and abetting statute, a person who aids, abets, [or] counsels the commission of a federal offense is punishable as a principal."). As the court in Milan, 2020 WL 6682535, *4 n. 3, noted, "upon considering whether aiding and abetting Hobbs Act robbery met the statutory criteria for a crime of violence under Section 924(c)(3)(A), the McKelvey court reasoned that '[a]iding and abetting is not a separate crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense.'" *Id.* (citing 773 F. App'x at 75). "The [Third Circuit] thus concluded that a conviction for aiding and abetting a crime is treated the same as a conviction for the crime." *Id.* the Third Circuit then stated that "[b]ecause we have held that where a jury convicts a defendant of both Hobbs Act robbery and brandishing a gun, the Hobbs Act robbery conviction qualifies as a crime of violence under the elements clause, 18 U.S.C. §924(c)(3)(A)." 773 Fed.Appx. at 75 (citations omitted).

## IV.   CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); *see also* Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, a COA will not issue because Davenport has shown neither the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of his claims. *See* Monroe, 2021 WL 50161, *1-2.

## V.   CONCLUSION

Based on the foregoing, the court **DENIES** Davenport's §2255 motion. **(Doc. 102)**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 15, 2021**
17-359-02

22